UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDA M. BAILEY<br>        Plaintiff,<br>    v.<br>GMAC MORTGAGE CORP.,<br>        Defendant. | CIVIL ACTION<br>NO. 1:10-CV-1943-CAP-RGV |

**O R D E R**

This matter is currently before the court on the February 4, 2010, Report and Recommendation of the Magistrate Judge ("the R&R") [Doc. No. 23]. The R&R recommends dismissal of the amended complaint and that the plaintiff, in view of her pro se status, be afforded a final opportunity to file a complaint that complies with the liberal pleading standards allowed by the Federal Rules of Civil Procedure [Doc. No. 23, pp. 10-11]. The R&R also recommends that if this court provides the plaintiff with an opportunity to file a properly-amended complaint and the plaintiff fails to do so, that all of the plaintiff's claims be dismissed with prejudice [Id.]. In response, the plaintiff has filed her "More Definite Statement," which this court construes as her second amended complaint [Doc. No. 24].

After carefully considering the R&R [Doc. No. 23], the court receives it with approval and ADOPTS it as the opinion and order of this court. The court now turns to the second amended complaint to

evaluate whether it complies with the Magistrate Judge's direction in the R&R.

The R&R recommends dismissal of the amended complaint because it failed to provide any factual basis for the defendant's liability, because it was a shotgun pleading, and because it failed to comply with the notice pleading required under the Federal Rules of Civil Procedure [Doc. No. 23, pp. 8-9]. The second amended complaint asserts the following causes of action: Count I for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1862, Count II for fraud by misrepresentation, Count III for fraud by omission and inducement, Count IV for conspiracy to commit fraud by the creation, operation, and use of MERS System, and Count V for a declaration quieting title to the real estate at issue in this case.

Although the second amended complaint goes further than the plaintiff's earlier attempts in that it alleges that the plaintiff entered into a transaction with Defendant GMAC,[1] it still fails to provide sufficient factual allegations to support the causes of action it asserts. This complaint is also a shotgun pleading, just as the first two complaints were, in that each count incorporates by reference each and every previous paragraph of the complaint.

---

[1] The second amended complaint seeks to add unnamed investors and entities as defendants in this case.

Wagner v. First Horizon Pharmaceutical Corp., 464 F.3d 1273, 1279 (11th Cir. 2006)(stating "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense"). Shotgun pleadings wreak havoc on the judicial system by diverting already stretched judicial resources into disputes that are not structurally prepared to utilize those resources efficiently. Id.

Moreover, Counts I-IV of this case are premised upon some alleged fraud on the part of the defendants, yet these counts fail to properly plead which actions or inactions constitute fraud. To properly plead a cause of action for fraud, the plaintiff must "state with particularity the circumstances constituting fraud . . . ." Federal Rule of Civil Procedure 9(b). Under Georgia law, this requires the pleading of five elements: (1) a false representation by the defendants; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damages to the plaintiff. Lakeside Investments Group, Inc. v. Allen 559 S.E.2d 491, 493 (Ga. Ct. App. 2002).

Though the complaint indicates that the plaintiff was unhappy with her mortgage lender's failure to disclose that her mortgage obligation might be securitized and sold, the plaintiff offers no support for her assertion that the lender had a duty to disclose

this information, nor does she identify any statement made by the lender to the effect that the lender would not sell. In failing to so plead, the plaintiff has failed to satisfy the first element required for a claim of fraud under Georgia Law. In fact, paragraph 20 of the original security deed, appended to the second amended complaint, belies the plaintiff's position:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower. A Sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument . . . .

[Doc. No. 24, p. 50].

The plaintiff's failure to follow the directions in the R&R by failing to cure the deficiencies about which she has repeatedly been warned warrants the dismissal of her claims. Accordingly, this case is DISMISSED with prejudice.

SO ORDERED, this 25th day of February, 2011.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge